**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FENGSHAN AN,<br><br>        Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>        Respondent. | No. 08-70247<br><br>Agency No. A097-871-545<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2010[**]

Before:    GOODWIN, RYMER, and GRABER, Circuit Judges.

Fengshan An, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's ("IJ") decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence.  *Li v. Holder*, 559 F.3d 1096, 1102 (9th Cir. 2009).  We grant the petition for review and remand.

An's contention regarding translator errors fails because the proceedings were not "so fundamentally unfair that [she] was prevented from reasonably presenting [her case]."  *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (citation omitted).

An testified she was persecuted and fears future persecution because she sheltered a North Korean refugee in her home.  The IJ found An feared prosecution and not persecution and the BIA affirmed on that basis.  The agency, however, did not have the benefit of our intervening decision in *Li*, 559 F.3d at 1099 (substantial evidence did not support the BIA's finding that the petitioner was a mere criminal subject to prosecution when the petitioner violated no Chinese law, but instead came to the aid of refugees in defiance of China's unofficial policy of discouraging aid to refugees).  Accordingly, we remand to the BIA for further proceedings.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**